SO ORDERED.

SIGNED this 25 day of October, 2013.



_____
A. Thomas Small
United States Bankruptcy Court Judge

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
GREENVILLE DIVISION

IN RE:

TANGLEWOOD FARM, INC. OF         CASE NO. 10-06719-8-ATS
ELIZABETH CITY,                  CHAPTER 7

    DEBTOR.

JAMES B. ANGELL, TRUSTEE,

    PLAINTIFF

v.                               ADVERSARY PROCEEDING
                                 NO. 12-00178-8-ATS
OPEN GROUNDS FARM, INC. AND
BELVIDERE FARMERS EXCHANGE, INC.,

    DEFENDANTS

ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO AMEND COMPLAINT AND FOR RELATION BACK

The matter before the court in this adversary proceeding seeking the avoidance of

alleged fraudulent transfers pursuant to 11 U.S.C. § 548 is the motion filed by the plaintiff, the

chapter 7 trustee, James B. Angell, for leave of court to amend his complaint and for the amendments to relate back to the date of the original pleading in accordance with Rule 15 of the Federal Rules of Civil Procedure and Rule 7015 of the Federal Rules of Bankruptcy Procedure. A hearing was held on October 9, 2013, in Raleigh, North Carolina.

The plaintiff filed the complaint in this action on August 19, 2012, in which he sought to avoid two payments to Open Grounds Farm allegedly made by the debtor for land rent owed by the debtor's president, James H. Winslow. The defendants, Open Grounds Farm, Inc. and Belvidere Farmers Exchange, Inc., filed their answers to the complaint on October 19, 2012, and October 16, 2012, respectively.

The plaintiff seeks leave to amend the complaint in two respects. First, the complaint misstates the year in which the transfers occurred. The complaint identifies the transfers at issue as occurring on August 27, 2012, and September 28, 2012. According to the plaintiff, the correct dates are August 27, 2009, and September 28, 2009. The error was an obvious error, as the complaint was filed prior to the misstated dates. Further evidence that the error was obvious is that Open Ground cited the correct dates in its answer to the complaint. At the hearing, counsel for the plaintiff advised the court that counsel for the defendant did not oppose the request to amend the complaint to correct the misstated year.

The second amendment that the plaintiff wishes to make is the inclusion of additional payments subject to avoidance under section 548. According to the plaintiff, following discovery, the plaintiff identified additional payments which were paid to Open Grounds for land rent owed by Winslow. In response to the plaintiff's discovery requests, Open Grounds produced a document titled "Winslow payments 2009" which, in addition to the payments

2

listed in the original complaint, showed payments Open Grounds received from J.C. Howard Farms, LLC.  The plaintiff alleges that these payments constituted payments for land rent which Winslow owed to Open Grounds.

The plaintiff argues that the amendment to include the additional payments will not result in prejudice to Open Grounds.  From the documents produced, it is clear, according to the plaintiff, that the defendant knew it received payments for land rent from J.C. Howard Farms.  The complaint gives notice to Open Grounds that payments from third party sources for Winslow's land rent are susceptible to avoidance. Furthermore, the plaintiff argues, the amendment is not a product of bad faith or undue delay.  The plaintiff requests that the amendment relate back to the date of the original complaint as there is a factual nexus between the amendment and the complaint, the defendant had notice of the claim, and the defendant will not be prejudiced by the amendment.  The plaintiff argues that the amendment to include the additional payments has a factual nexus with the original complaint as the payments arose out of the same conduct, transaction or occurrence.  The additional payments occurred within two months of the transfers identified in the complaint.

In its response, Open Farms argues that the plaintiff had knowledge of the additional payments prior to receiving the discovery responses from Open Farms.  Because the plaintiff had knowledge of the additional payments, the defendant contends that the court should deny leave to amend for reasons of undue delay.  According to the defendant, the plaintiff had in his possession, records and information relating to the additional payments, prior to the filing of the complaint.

A party in an adversary proceeding is allowed to amend its pleading with the court's leave pursuant to Rule 15 of the Federal Rules of Civil Procedure, made applicable by Rule 7015 of the Federal Rules of Bankruptcy Procedure. "The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Leave to amend should be granted unless "the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." Nolte v. Capital One Fin. Corp., 390 F.3d 311, 317 (4th Cir. 2004). An amendment shall relate back to the date of the original pleading when the amendment asserts a claim that arose out of the conduct, transaction, or occurrence set forth in the original complaint. Fed. R. Civ. P. 15(c).

The amendment sought by the plaintiff will not be prejudicial to Open Grounds as Open Grounds had knowledge of the additional payments and was on notice that such payments would be susceptible to avoidance. While the plaintiff may have been in possession of some records evidencing the payments, it does not appear to the court that the plaintiff has acted in bad faith or with undue delay in seeking leave to amend. Once the plaintiff received the discovery responses from the defendant in April 2013, the plaintiff moved in a reasonable time for leave to amend.

The complaint seeks avoidance of land rent payments from an entity other than Winslow on the basis that the debtor received less than reasonably equivalent value. The amendment to the complaint seeks to avoid additional payments made to Open Grounds by a third party, J.C. Howard, for land rent payments owed by Winslow. The additional payments occurred within two months of the payments already identified in the complaint. The court

4

finds that the additional payments arose out of the same conduct, transaction or occurrence set forth in the complaint as to allow for relation back of the amendment.

Based on the foregoing, the plaintiff's motion for leave to amend and relation back is **ALLOWED**. The plaintiff is allowed to file his amended complaint as set forth in exhibit A of the motion with the amended complaint relating back to the date of the filing of the original complaint pursuant to Fed. R. Civ. P. 15(c) and Fed. R. Bankr. P. 7015.

**END OF DOCUMENT**